(No. 5747.   July 9, 1931.)

GEORGE N. LAMPHERE and LOUIS A. BOAS, Trading and Doing Business Under the Firm Name and Style of MOSCOW PUBLISHING COMPANY, Appellants, v. LATAH COUNTY, IDAHO, and the GENESEE NEWS, Respondents.

[2 Pac. (2d) 317.]

A. L. Morgan, for Appellants.

Abe Goff and A. H. Oversmith, for Respondents.

LEE, C. J.—Certain newspapers published in Latah county submitted bids for the latter's printing. Among these, were the "Genesee News" and the "Idaho Post," the former offering to undertake the work for a compensation appreciably less than that submitted by the "Post." By an order entered January 24, 1931, the board of county

commissioners awarded the contract to the "Genesee News." From such order, the publishers of the "Post," doing business under the firm name and style of Moscow Publishing Company, appealed. After appellant's introduction of certain evidence in the district court, an order was made and entered dismissing the appeal: this appeal followed.

It appears from the subscription lists that the "News" has 286 subscribers in Genesee and vicinity with only 58 subscribers elsewhere throughout the county, whereas, the "Post" has 85 in Moscow and 896 in the county at large. In the large county territory lying north and east of Moscow and served by some 13 postoffices the "News" has but 4 subscribers.

Inasmuch as the rates for county printing are fixed by C. S., sec. 2339, appellant contends that the cost is secondary to the controlling consideration of effective notice. C. S., sec. 3434, provides:

"To cause to be published monthly such brief statement as will clearly give notice to the public of all its acts and proceedings, and, semiannually, a statement of the financial conditions of the county. Such statement as well as all other public notices of proceedings of, or to be had before the board, not otherwise specially provided for, must be published in one issue of such newspaper printed and published in the county *as will be most likely to give notice thereof;* and when no newspaper is published in the county, copies of such statement must be kept posted for at least 20 days in three public places in the county, one being in a conspicuous place at the courthouse door." (Italics ours.)

By the use of such clear and unequivocal language, it was unquestionably the purpose of the legislature to have the county proceedings published, if possible, in such medium as would afford the mass of taxpayers generally opportunity to become conversant therewith. The subscription lists speak for themselves. One of the newspapers will be likely to give the desired notice generally. The other cannot give such notice. As was said in *People v. Somers,* 153 App. Div. 623, 130 N. Y. Supp. 761, 765; 138

N. Y. Supp. 1136: " . . . . publication and circulation in a 'large and populous' county like Oneida county cannot be had in a paper of so limited circulation as the one published by relator." The mere fact that the "News" offered to do the work for less money cannot be considered. (*Shelby County F. Court v. Cosine,* 174 Ky. 504, 192 S. W. 626.)

Order reversed with instructions to the trial court to proceed accordingly. Costs to appellant.

Budge, Givens, Varian and McNaughton, JJ., concur.